McCarthy, J.P.
Appeal from a judgment of the County Court of Warren County (Hall Jr., J.), rendered July 11, 2013, upon a verdict convicting defendant of the crimes of murder in the second degree, manslaughter in the second degree and endangering the welfare of a child.
Defendant was indicted on charges of murder in the second degree, manslaughter in the second degree and endangering the welfare of a child, all of which related to the death of the five-year-old son of defendant’s paramour. Following a jury trial, defendant was convicted as charged and sentenced to an aggregate prison term of 25 years to life. Defendant appeals, and we reverse.
County Court committed reversible error in denying defendant’s motion to dismiss prospective juror No. 383 for cause.[1] Once a prospective juror has identified his or her own biased perspective, he or she “must expressly state that his [or her] prior state of mind concerning either the case or either of the parties will not influence his [or her] verdict, and he [or she] must also state that he [or she] will render an impartial verdict based solely on the evidence” (People v Blondo, 41 NY2d 483, 485 [1977], cert denied 434 US 928 [1977]; accord People v Ortiz, 37 AD3d 361, 362 [2007]; see People v McGuire, 101 AD3d 1386, 1389 [2012]; People v Wilson, 7 AD3d 549, 550 [2004]). “[N]othing less than a personal, unequivocal assurance of impartiality can cure a juror’s prior indication that [he or] she is predisposed against a particular defendant or particular type of case” (People v Arnold, 96 NY2d 358, 364 [2001]), and, accordingly, the “bright-line standard . . . followed throughout the State” is “that a prospective juror who expresses partiality towards [one party] and cannot unequivocally promise to set aside this bias should be removed for cause” (People v Johnson, 94 NY2d 600, 614 [2000] [internal quotation marks and citation omitted]).
Turning to the record, in response to defense counsel’s question, “Does anyone . . . feel . . . that they cannot be fair in this trial?,” juror No. 383 volunteered, “It’s a five year old *1370 [victim.] Adult [defendant]. I can’t do it.”[2] Neither defense counsel nor County Court asked juror No. 383 any follow-up questions on that topic at that point in time. Later, defense counsel asked the jurors whether they could agree that “[t]he burden is for the People to prove beyond a reasonable doubt that [defendant] did it,” and juror No. 383, collectively with all of the other prospective jurors, agreed. However, when defense counsel specifically asked juror No. 383 whether she would “have a problem finding . . . defendant not guilty if [the People did not] meet their burden,” juror No. 383 responded, “I don’t know.” Later, the court directly addressed juror No. 383:
“THE COURT: ... If the [People are] able to prove their case beyond a reasonable doubt, what would your fair and impartial verdict be?
“PROSPECTIVE JUROR NO. 383: Guilty if they prove it guilty.
“THE COURT: Okay. Now, let’s say they bring in lots and lots of witnesses, lots of evidence, lots of DNA, lots of pictures and whatever, but you’re not convinced beyond a reasonable doubt. Let’s say you’re pretty sure, I think maybe he did it but I have a reasonable doubt about this, then what does your verdict have to be?
“PROSPECTIVE JUROR NO. 383: I would have to say not guilty, you know, if they can’t do it to my satisfaction.
“THE COURT: Yes, exactly, and that’s exactly the way it has to be. It’s all up to your satisfaction. It has to be proved beyond a reasonable doubt as you see that and as I tell you what the law is. Would you have any problem with saying that the defendant is not guilty if they don’t prove their case?
“PROSPECTIVE JUROR NO. 383: No, if [the prosecutor] doesn’t have it, if she can’t prove it.
“THE COURT: All right. That’s good.”
Finally, the court turned to the issue of whether juror No. 383 would be able to follow the law regarding crediting witnesses:
“THE COURT: . . . Would you follow the law at the end of *1371 the case and listen to what they have to say if somebody, if you think somebody lied about something, you don’t have to believe anything they say. On the other hand, you don’t have to not believe anything they say. You can believe the parts you think are true but not believe the parts you think are not?
“PROSPECTIVE JUROR NO. 383:1 was just going to say I’ll listen to what they have to say and then I’ll draw my own conclusion.
“THE COURT: Okay. Then you’ll follow the law as I instruct at the end of the case[?]
“PROSPECTIVE JUROR NO. 383: Yes.”
Considering the entirety of the questions posed to juror No. 383 and her responses, juror No. 383 unambiguously acknowledged a form of bias — based on the respective ages of the victim and defendant — that she identified as preventing her from being a fair and impartial juror. After juror No. 383 identified her own bias, she was never asked a question that referenced whether she could set aside any biases she held, generally, or whether she could set aside her specific bias regarding the respective ages of defendant and the victim. Further, in her responses to questions posed to her, juror No. 383 never specifically made reference to the age issue after she identified it as preventing her from being fair and impartial, and she never agreed, more generally, that she could set aside any bias that she held and decide the case in a fair and impartial manner based on the evidence presented. Therefore, juror No.. 383 did not “unambiguously state that, despite preexisting opinions that might indicate bias, [she would] decide the case impartially and based on the evidence,” because she never made any statement regarding her preexisting opinion, let alone an unambiguous statement that she could set such opinion aside (People v Arnold, 96 NY2d at 363).[3] Accordingly, County Court committed reversible error in denying defendant’s for-cause challenge to a juror who never contradicted or retracted her statement that her bias related to the respective ages of defendant and the victim prevented her from being a fair and impartial juror (see People v Harris, 19 NY3d 679, 685-686 [2012]; People v Johnson, 17 NY3d 752, 753 [2011]; People v Nicholas, 98 NY2d 749, 751-752 [2002]; People v Arnold, 96 NY2d at 363; People v Torpey, 63 NY2d 361, 369 [1984]; People v Blyden, 55 NY2d 73, *1372 78 [1982]; People v McGuire, 101 AD3d at 1389; People v Carpenter, 35 AD3d 1092, 1093 [2006]; People v McLean, 24 AD3d 1110, 1111 [2005]; compare People v Brown, 121 AD3d 556, 557 [2014], lv denied 25 NY3d 949 [2015]; People v Soto, 235 AD2d 349, 349 [1997], lv denied 90 NY2d 898 [1997]).[4]
Finally, defendant’s contentions that the verdict was based on legally insufficient evidence, that it was against the weight of the evidence and that he was convicted of an inclusory concurrent count are without merit. Defendant’s remaining contentions are either meritless or rendered academic by this decision.
Egan Jr. and Clark, JJ., concur.

. Defendant exhausted his peremptory challenges after using one on juror No. 383, making any error in regard to County Court’s denial of defendant’s request to dismiss that juror for cause reversible (see People v Harris, 19 NY3d 679, 685 [2012]; People v Blyden, 55 NY2d 73, 76 [1982]).

. Particularly considering juror No. 383’s words, “I can’t do it,” it is notable that County Court had previously instructed this juror — along with all of the prospective jurors — in the following manner: “I need you to say yes [I can be fair and impartial], I will do this. . . . [I]t’s just you need to state that yes, you’ll do [it] or if you absolutely can’t, tell us that too so we know you can’t do it.” Therefore, according to the court’s own instructions, a potential juror was supposed to inform the court that he or she could not be fair and impartial in the event that he or she “absolutely” could not “do it.”

. Despite this conclusion, we note that the record reflects that the District Attorney made multiple requests related to furthering County Court’s voir dire inquiries and rehabilitation efforts. In our view, the District Attorney made honorable efforts in an attempt to ensure that defendant was provided a fair and impartial jury.

. The deprivation of the right to a fair and impartial jury is not subject to harmless error analysis (see Rose v Clark, 478 US 570, 578 [1986]; People v Cahill, 2 NY3d 14, 49-50 [2003]; People v Petke, 125 AD3d 1103, 1105 [2015], lv granted 25 NY3d 1075 [2015]; People v Russell, 116 AD3d 1090, 1094 [2014]).